United States Court of Appeals,

Eleventh Circuit.

No. 94-9014.

Matter of MUNFORD, INC., d.b.a. Majik Market, Debtor.

Danné Brokaw MUNFORD, as Executrix of the Estate of Dillard Munford;  James M. Carroll;  Russell Fellows;  Joseph W. Hardin;  Jay Rubel;  Winton M. Blount;  Herbert J. Dickson;  James L. Ferguson;  Robert M. Gardiner;  Richard K. Leblond;  Andrall E. Pearson;  S.B. Rymer, Jr.;  DFA Investment Dimensions Group, Inc.;  PNC Bank, National Association;  Boston Safe Deposit and Trust Company;  State Street Bank & Trust Company, Plaintiffs-Appellants,

Shearson Lehman Brothers, Inc., Plaintiff,

v.

MUNFORD, INC.;  Valuation Research Corporation, Defendants-Appellees.

Oct. 10, 1996.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:94-00348-CV-GET), G. Ernest Tidwell, Chief Judge.

Before HATCHETT, Chief Judge, CLARK, Senior Circuit Judge, and MILLS[*], District Judge.

HATCHETT, Chief Judge:

In this case arising in a bankruptcy context, the court affirms the district court's ruling that 11 U.S.C. § 105(a) and Federal Rules of Civil Procedure, Rule 16, authorize bankruptcy courts to enter bar orders to facilitate settlements.

FACTS AND PROCEDURAL HISTORY

On June 17, 1991, Munford, Inc., acting as debtor in possession under 11 U.S.C. §§ 544(b) and 1107(a), brought an adversary proceeding in bankruptcy court in the Northern District

---

[*]Honorable Richard H. Mills, U.S. District Judge for the Central District of Illinois, sitting by designation.

of Georgia seeking to avoid transfers of property, disallow contract claims, and recover monetary damages alleging that a leverage buy out (LBO) that occurred in 1988 forced it into bankruptcy. Munford, Inc. filed this action against Valuation Research Corporation (VRC), Shearson Lehman Brothers (Shearson), former officers and directors, and two of its largest groups of shareholders seeking $68 million in damages. In its complaint, Munford, Inc. alleged that VRC, a valuation and consulting firm, failed to exercise reasonable care in issuing the solvency opinion it rendered in connection with Munford, Inc.'s LBO. Munford, Inc., also alleged that its $75,000 payment to VRC for valuation services rendered constituted a fraudulent conveyance under O.C.G.A. § 18-2-22(3). In addition, Munford, Inc. asserted various claims of breach of fiduciary duty, negligence, mismanagement, waste of corporate assets, and fraudulent conveyance against the officers, directors, shareholders and Shearson.

VRC denied liability arguing that it owed no duty of care to Munford, Inc. because it only intended the LBO lender to rely on its solvency opinion. Notwithstanding its denial of liability, it offered to settle Munford, Inc.'s claims against it for $350,000 of its $400,000 liability insurance policy, setting aside $50,000 of its policy for attorney's fees. VRC, however, conditioned the settlement offer upon the bankruptcy court's issuance of a protective order permanently enjoining the officers, directors, shareholders and Shearson (hereinafter the nonsettling defendants) from pursuing contribution or indemnification claims against it.

On May 31, 1993, Munford, Inc. agreed to VRC's settlement

terms and submitted the proposed settlement agreement to the bankruptcy court for approval as required under Rules of Bankruptcy Procedure 9019(a).[1] The bankruptcy court held a fairness hearing on Munford, Inc.'s motion and found that the insurance policy represented VRC's only substantial asset. On December 21, 1993, the bankruptcy court approved the settlement agreement and issued an order permanently enjoining the nonsettling defendants from asserting contribution and indemnification claims against VRC pursuant to 11 U.S.C. § 105(a) and Federal Rules of Civil Procedure 16. In that order, the bankruptcy court also held that the nonsettling defendants would receive a dollar-for-dollar reduction of the settlement amount for any judgment subsequently awarded against them in the LBO litigation. On August 8, 1994, the district court affirmed the bankruptcy court's order. The nonsettling defendants filed this appeal.

## CONTENTIONS

The nonsettling defendants contend that the bankruptcy court erred in entering an order barring them from asserting state law contribution and indemnity claims against VRC, a nondebtor, when it approved Munford, Inc. and VRC's settlement agreement asserting that: (1) the bankruptcy court lacks subject matter jurisdiction over its unasserted state law contribution and indemnity claims against VRC; and (2) that the bankruptcy court lacks legal authority to enter such bar orders. Assuming the bankruptcy court properly entered the bar order, the nonsettling defendants contend

---

[1]Rules of Bankruptcy Procedure 9019(a) requires the trustee of the estate to submit proposed settlement agreements for approval.

that the bankruptcy court erred in ruling that a dollar-for-dollar credit based on VRC's settlement amount rather than a relative fault offset applies to any judgment rendered against the nonsettling defendants. Specifically, they assert that such a credit deprives them of their substantive rights of contribution and indemnity because VRC's settlement amount represents only one-half of a percent of the damages Munford, Inc. seeks.

VRC and Munford, Inc. contend that the bankruptcy court had subject matter jurisdiction and legal authority to enter the bar order because: (1) the bar order arose in and related to Munford, Inc.'s motion to approve the settlement agreement with VRC; and (2) the bar order facilitated its settlement. VRC and Munford, Inc. also contend that the bankruptcy court's dollar-for-dollar credit against any subsequent judgment entered against nonsettling defendants constitutes a fair and equitable judgment offset asserting that it does not have assets sufficient to satisfy a larger judgment against it.

### ISSUES

We address the following issues in this appeal: (1) whether the bankruptcy court has subject matter jurisdiction over the nonsettling defendants' unasserted state law contribution and indemnity claims; (2) whether 11 U.S.C. § 105(a) and Federal Rules of Civil Procedure 16 authorize bankruptcy courts to enter bar orders to facilitate settlement; and (3) whether a dollar-for-dollar credit against any subsequent judgment entered against nonsettling defendants constitutes a fair and equitable judgment offset.

DISCUSSION

A. Subject Matter Jurisdiction

We first address whether the bankruptcy court has subject matter jurisdiction over the nonsettling defendants' unasserted state law contribution and indemnity claims. This court reviews questions of law *de novo* applying the same legal standards that bound the district court. *Infant Formula Antitrust Litigation v. Abbott Laboratories,* 72 F.3d 842, 843 (11th Cir.1995).

In this case, the nonsettling defendants contend that the bankruptcy court lacks jurisdiction to enter an order barring their state law claims of contribution and indemnity against VRC because these claims were unasserted, against nondebtors, and not ripe. The nonsettling defendants also contend that the bankruptcy court lacks jurisdiction over their contribution and indemnity claims because they could not have asserted these claims as cross-claims in the adversary proceeding of the bankruptcy court's limited jurisdiction under 28 U.S.C. §§ 157 and 1334. In response, VRC and Munford, Inc. argue that the bankruptcy court has subject matter jurisdiction to enter a bar order over these claims because the bar order affecting these claims arose in and related to Munford, Inc.'s motion to approve the settlement agreement with VRC under the Rules of Bankruptcy Procedure 9019(a). For purposes of this discussion, we address the nonsettling defendants' contentions in reverse order.

Although bankruptcy courts have limited jurisdiction, each district court may provide the bankruptcy court in that district with subject matter jurisdiction on "any or all cases under title

11 and any or all civil proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a) (1994). In order for the bankruptcy court to exercise subject matter jurisdiction over a dispute, however, some nexus between the civil proceeding and the title 11 case must exist. *Lemco Gypsum, Inc. v. Miller,* 910 F.2d 784, 787 (11th Cir.1990). " "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy.' " *Lemco Gypsum, Inc.,* 910 F.2d at 788 (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)). In other words, " "[a]n action is [sufficiently] related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.' " *Lemco Gypsum, Inc.,* 910 F.2d at 788 (quoting *Pacor, Inc.,* 743 F.2d at 994).

In order to apply the "nexus" test to the facts of this case, we must treat the nonsettling defendants' contribution and indemnity claims as though they had been in state court at the time the bankruptcy court approved Munford, Inc. and VRC's settlement agreement. Next, we must determine whether at the time Munford, Inc. filed its motion to approve the settlement agreement in bankruptcy court a state civil action based on claims of contribution and indemnity from nonsettling defendants against VRC could have conceivably altered Munford, Inc.'s rights, liability, options, freedom of action and thereby impact upon the handling and

administration of the bankruptcy estate.  This inquiry is not difficult.  As previously noted, VRC conditioned its settlement offer on the bankruptcy court entering an order barring the nonsettling defendants from asserting contribution and indemnity claims against it.  The parties do not dispute that without the district court entering the bar order in this case Munford, Inc. would have lost its "option" to settle its claims against VRC and the right to receive $350,000 for the estate.  Because the nonsettling defendants' assertion of their contribution and indemnity claims would have an effect on Munford, Inc.'s estate being administered in bankruptcy, we hold that a sufficient nexus exists between this title 11 adversary proceeding and the nonsettling defendants' contribution and indemnity claims.  In so holding, we do not dispute the nonsettling defendants contention that non-debtors in an adversary proceeding cannot assert state cross-claims of contribution and indemnity because such claims standing alone fail the nexus test—i.e., "could not conceivably" have an effect on the debtor's estate in an ordinary bankruptcy case.  In this case, however, the nonsettling defendants' contribution and indemnity claims affect the debtor's estate because VRC would not settle Munford, Inc.'s claims against it without the bankruptcy court entering a bar order. The nonsettling defendants respond arguing that the "bar order" condition is in effect "subject matter jurisdiction by consent."  We disagree with the nonsettling defendants' characterization noting that "[s]ubject matter jurisdiction can never be waived or conferred by the consent of the parties."  *Latin American Property & Casualty Ins. Co. v.*

*Hi-Lift Marina, Inc.,* 887 F.2d 1477 (11th Cir.1988).  It is not the language of the settlement agreement that confers subject matter jurisdiction in this case.  Rather, it is the "nexus" of those claims to the settlement agreement—an agreement, we emphasize, that the bankruptcy court must approve pursuant to Rules of Bankruptcy Procedure 9019(a).

In addition, we reject the nonsettling defendants' contentions that the bankruptcy court lacks subject matter jurisdiction to enter the bar order because these claims were unripe and between nondebtors.  First, a claim is ripe for adjudication, regardless of whether it is asserted, when "the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." *Restigouche, Inc. v. Town of Jupiter,* 59 F.3d 1208, 1212 (11th Cir.1995).  Second, for purposes of subject matter jurisdiction the civil proceedings related to bankruptcy " "need not ... be against the debtor or against debtor's property.' "  *Lemco Gypsum, Inc.,* 910 F.2d at 788 (quoting *Pacor, Inc.,* 743 F.2d at 994).  We therefore hold that the bankruptcy court has jurisdiction over the nonsettling defendants' claims to enter a settlement bar order.

B. Settlement Bar Orders

Next, we address whether the bankruptcy court has legal authority to enter the order barring the nonsettling defendants from asserting claims of contribution and indemnity against VRC. In entering the bar order, the bankruptcy court concluded that 11 U.S.C. § 105(a) along with Federal Rules of Civil Procedure 16 granted it authority to enter the bar order in aid of settlement.

The nonsettling defendants contend that the bankruptcy court misapplied rule 16 arguing that rule 16 does not grant courts the right to enter bar orders.[2]

Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any *order,* process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §§ 105(a) (1994) (emphasis added). Rule 16 which is incorporated in adversary proceedings under Rules of Bankruptcy 7016, states in pertinent part:

> At any [settlement] conference under this rule consideration may be given, and the court may take appropriate action, with respect to
>
> ....
>
> (9) settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule.

Fed.R.Civ.P. 16(c)(9). We conclude that section 105(a) and rule 16 taken together provide ample authority for the bankruptcy's court action. Section 105(a) clearly provides that the bankruptcy court can enter "any order" necessary or appropriate to carry out the provisions of the Bankruptcy Code, while rule 16 authorizes the use of special procedures to assist the parties in reaching a settlement. Several justifications for entering bar orders in bankruptcy cases exist. First, public policy strongly favors pretrial settlement in all types of litigation because such cases, depending on their complexity, "can occupy a court's docket for

---

[2]The nonsettling defendants also contend that O.C.G.A. § 51-12-32 which provides that a settling tortfeasor retains its right to contribution against a nonsettling tortfeasor prohibits the bankruptcy court from entering its bar order. This argument lacks merit and does not warrant further discussion.

years on end, depleting the resources of parties and the taxpayers while rendering meaningful relief increasingly elusive." *U.S. Oil & Gas v. Wolfson,* 967 F.2d 489, 493 (11th Cir.1992). Second, litigation costs are particularly burdensome on a bankrupt estate given the financial instability of the estate. Third, "bar orders play an integral role in facilitating settlement." *U.S. Oil & Gas,* 967 F.2d at 494. This is because "[d]efendants buy little peace through settlement unless they are assured that they will be protected against codefendants' efforts to shift their losses through cross-claims for indemnity, contribution, and other causes related to the underlying litigation." *U.S. Oil & Gas Litigation,* 967 F.2d at 494. But for the bankruptcy court's bar order in this case, for example, VRC would not have entered into the settlement agreement with Munford, Inc. For these reasons, we hold that section 105(a) and rule 16 authorize bankruptcy courts to enter bar orders where such orders are integral to settlement in an adversary proceeding.

C. The Dollar-for-Dollar Offset

Finally, the nonsettling defendants argue on appeal that the dollar-for-dollar reduction based on VRC's settlement amount against any judgment rendered jointly against nonsettling defendants does not sufficiently protect their interest.

When determining whether to enter a bar order against nonsettling defendants, the court must make a reasoned determination that the bar order is fair and equitable. *U.S. Oil & Gas Litigation,* 967 F.2d at 496. In making such a determination, courts consider the interrelatedness of the claims that the bar

order precludes, the likelihood of nonsettling defendants to prevail on the barred claim, the complexity of the litigation, and the likelihood of depletion of the resources of the settling defendants. *U.S. Oil & Gas Litigation,* 967 F.2d at 493-96.

The nonsettling defendants contend that VRC's solvency opinion gave them an assurance that Munford, Inc. would survive the LBO transaction and that they reasonably relied on the opinion in approving the LBO transaction. They therefore assert that VRC's $350,000 settlement amount constitutes an inequitable settlement because it represents only one-half of a percent of the $68,000,000 Munford, Inc. seeks to recover from the nonsettling defendants. Instead, the nonsettling defendants argue, the court should have reserved its approval of the settlement agreement to include a credit based on the relative fault of VRC and not the dollar-for-dollar settlement credit. The nonsettling defendants also argue that the dollar-for-dollar settlement credit deprives them of their substantive rights of contribution and indemnification, noting that but for the settlement agreement they would receive a dollar-for-dollar credit and retain the right to pursue actions for contribution and indemnity against VRC under state law. *See* O.C.G.A. § 51-12-32. The nonsettling defendants therefore assert that the reasonable price for taking away their rights to contribution and indemnification is to allow a credit against any subsequent judgment based on the proportionate fault of VRC.

In response, VRC and Munford, Inc. contend that the district court's application of a dollar-for-dollar credit against any

subsequent judgment entered against nonsettling defendants constitutes a fair and equitable judgment offset. They assert that the record demonstrates that the settlement affords nonsettling defendants a far greater benefit than they would receive from their prospective contribution and indemnity claims. VRC and Munford, Inc. base this assertion on several facts. First, VRC asserts that its greatest asset is a $400,000 insurance policy, and without the settlement it will exhaust this policy in litigation costs in defending itself in this action. Second, it asserts that it is unlikely that the nonsettling defendants would prevail against VRC in a contribution or indemnity action based on an allegation that the nonsettling defendants relied on VRC's solvency opinion because: (1) the solvency opinion included disclaimers which stated the solvency opinion was limited in scope and only intended to be relied upon by Citibank, the LBO lender; and (2) "none of the [nonsettling] defendants saw or reviewed the opinion prior to consummation of the LBO." *In re Munford, Inc.,* 172 B.R. 404, 413 (N.D.Ga.1993). Finally, VRC and Munford, Inc. assert that the offset as provided in the bankruptcy court's order ensures that Munford does not enjoy a double recovery against nonsettling defendants in any subsequent litigation. We agree.

In this case, VRC's settlement offer constitutes $350,000 of its $400,000 insurance liability coverage. The remaining $50,000 is reserved for attorney's fees and other litigation cost related to this action. On appeal, the nonsettling defendants do not argue that VRC has the ability to pay more than the $350,000 it offered in settlement. Rather, they argue that VRC may obtain assets in

the future increasing its net worth.  It is more likely, however, that the LBO litigation will deplete the assets VRC presently owns and any future assets they obtain.  This viewed together with the fact that VRC included disclaimers in its solvency opinion supports the finding that the bankruptcy court's dollar-for-dollar credit constitutes a fair and equitable offset.  We therefore conclude that the bankruptcy court did not abuse its discretion in ruling that a dollar-for-dollar credit will be applied against judgment subsequently rendered against the nonsettling defendants.

Accordingly, we affirm the bankruptcy court's grant of a dollar-for-dollar reduction against any judgment ultimately rendered against the nonsettling defendants.  In reaching this holding today, we decline to adopt a per se method for offsetting settlement amounts.

## CONCLUSION

For the above stated reasons, we affirm the district court.

AFFIRMED.