### In re COVINGTON PROPERTIES, INC., Debtor.

### No. 98–00634–TLH4.

United States Bankruptcy Court, N.D. Florida, Tallahassee Division.

Oct. 13, 2000.

Mark Freund, Tallahassee, FL, for Talley Family.

Mr. Elwin Thrasher, Tallahassee, FL, for McAlisters.

Ms. Karen K. Specie, Gainesville, FL, trustee.

## MEMORANDUM & ORDER

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came before the Court on September 14, 2000 on a creditor's objection to a settlement agreement between the Trustee and other creditors. The Court sustains the objection to the amended settlement agreement.

### Factual Background

The corporate Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 23, 1998. The creditors of the debtors are comprised of two opposing factions. The first faction of creditors consists of the following officers, directors, and/or shareholders of the Debtor: Roy L. Talley, Sr.; Roy L. Talley, Jr.; Ouida Talley; Patrice T. Bidwell; Kris H. Talley; and John Anthony Bidwell (the "Talley Family"), collectively holding over 90% of the scheduled debt. The second faction of creditors consisted of non-insiders: Lyle and Joyce McAlister (the "McAlisters"), whose claims are disputed by the debtor. There are no other creditors.

The Trustee and the Talley Family seek court approval of a proposed settlement agreement to "[t]o resolve *all claims* whatsoever by the Chapter 7 Trustee, the Debtor's bankruptcy estate, and *any creditor* of the Debtor's bankruptcy estate against the Talley Family. . . ." *Amended Settlement Agreement* (Docket No. 43, Ex. A at ¶ 2) (emphasis added). The McAlisters object to the sweeping language of the proposed settlement agreement. While the McAlisters concede that the Trustee has the power to settle certain claims of the Debtor, they dispute the trustee's authority to settle "any claim" by "any creditor" against a non-debtor. The McAlisters have filed a separate lawsuit in state court against four members of the Talley Family who may be personally liable to the McAlisters. In essence, the Talley Family seeks this bankruptcy Court's approval of a settlement agreement that would settle the McAlisters' state claims against four members of the Talley Family.

### Jurisdiction

The first issue is whether this Court has jurisdiction to approve such a sweeping settlement agreement between the Trustee and one faction of creditors. The Eleventh Circuit has held that a bankruptcy court has subject matter jurisdiction over nonsettling defendants' contribution and indemnity claims against settling defendants. *Munford v. Munford, Inc. (In re Munford, Inc.)*, 97 F.3d 449, 453–54 (11th Cir.1996). *Munford* involved a debtor-in-possession which brought an adversary proceeding in bankruptcy court to avoid transfers, disallow contract claims, and recover monetary damages as a result of a leveraged buyout that allegedly forced it into bankruptcy.

In *Munford*, the bankruptcy court approved a settlement agreement between the debtor-in-possession and one of the

defendants that permanently enjoined the nonsettling defendants from asserting contribution and indemnification claims against the settling defendant. In addition, the bankruptcy court provided the nonsettling defendants with a dollar-for-dollar reduction of the settlement amount for any judgment subsequently awarded against the nonsettling defendants in the leveraged buyout litigation. The nonsettling defendants in *Munford* contended that the bankruptcy court lacked jurisdiction to enter an order barring their state law claims of contribution and indemnity against the settling defendant.

The Eleventh Circuit disagreed with the nonsettling defendants in *Munford,* holding "that section 105(a) and rule 16 authorize bankruptcy courts to enter bar orders where such orders are integral to settlement in an adversary proceeding." *Munford* at 455. The court found that a sufficient nexus existed between the adversary proceeding and the nonsettling defendants' contribution and indemnity claims. *Munford* at 453. Moreover, the Eleventh Circuit stated "It is not the language of the settlement agreement that confers subject matter jurisdiction in this case." *Id.* Instead, the nexus of the contribution and indemnity claims to the settlement agreement conferred jurisdiction. *Id.* The settling party would not have settled the debtor-in-possession's claims against it without protection from the nonsettling defendants' contribution and indemnity claims. *Id.*

This Court distinguishes *Munford* from the instant matter. In *Munford,* a debtor-in-possession brought an adversary proceeding against the settling and nonsettling defendants. The claims subject to the bar order flowed directly from the plaintiff's claims. In the instant matter, the Trustee has *not* instituted an adversary proceeding nor has she asserted any claims against the McAlisters. Because the Trustee does not have any claims against the McAlisters, there is no reason for the McAlisters settle their state court claims against the Talley Family members with the Trustee. The McAlisters' state court litigation involving the Talley Family members has little, if any, effect on Debtor's estate being administered in bankruptcy and is independent of the trustee's claims against the Talley Family. Hence, irrespective of the language of the settlement agreement, it seems unlikely that a sufficient nexus exists between the McAlisters' state court claims and this matter.

### Fair and Equitable

Even if this Court has jurisdiction to approve the settlement agreement, this Court must also ascertain whether the settlement agreement is fair and equitable. The bankruptcy court must assure that compromises are "fair and equitable." *Munford* at 455; *see generally Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968). The Debtor suggests that "the Court's approval of the proposed release will positively improve the liquidity of the Debtor's bankruptcy estate." (Docket No. 50 at 4). This Court considers more than the liquidity of the bankruptcy estate when determining whether a settlement agreement is fair and equitable.

In the instant matter, the McAlisters objected to the amended settlement agreement because it would have the effect of curtailing the McAlisters' state court action against four members of the Talley Family without conferring any real benefit on them. Almost all of the proceeds the Talley Family offered to pay under the amended settlement agreement would eventually be returned to the Talley Family members as the major creditors of the bankruptcy estate. Hence, the Talley Family is attempting to use the bankruptcy settlement agreement as a vehicle to unilaterally block the McAlisters' state court claims. This settlement agreement purporting to unilaterally settle a creditor's state court claims against non-debtors is *not* "fair and equitable."

The Debtor suggests that this Court should approve the amended settlement agreement based on its reading of *Munford*. The key difference this Courts finds between the instant matter and *Munford* is that the settlement agreement in *Munford* was "fair and equitable." *See id.* at 456. The *Munford* court protected the settling defendant from a double recovery in any subsequent litigation while giving the nonsettling defendants the benefit of the dollar-for-dollar credit. *See id.* at 455. The *Munford* court also determined that it was unlikely that the nonsettling defendants would recover on their claims since the settlement would deplete the settling defendant's resources and the claims appeared to be of dubious merit. In the instant matter, this McAlisters would not enjoy a double recovery. The McAlisters' state court action is against four members of the Talley Family and not the Debtor. In addition, there has been no showing that the Talley Family's resources will be depleted by the settlement.

I find that the amended settlement agreement is not fair and equitable. Therefore, it is ORDERED AND ADJUDGED that the objection to the amended settlement agreement is SUSTAINED and the amended settlement agreement is DISAPPROVED.