[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10845

_____

D. C. Docket Nos. 06-60677 CV-CMA &02-22260 BKC-PG

IN RE:

THOMAS J. RYAN, III,

Debtor.

_____

WINCHESTER GLOBAL TRUST CO.,

Plaintiff-Appellee,

versus

ENTRUST NPL, CORP.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 8, 2008)**

Before WILSON, COX and BOWMAN,[*] Circuit Judges.

PER CURIAM:

The sole issue before us is whether the bankruptcy court has subject matter jurisdiction to resolve a dispute between two non-debtors—Winchester Global Trust Company Limited and Entrust NPL Corporation—over which entity owns certain business records relating to property sold as part of the bankruptcy estate of debtor Thomas J. Ryan, III. The district court determined that the bankruptcy court does not have jurisdiction over the dispute, and Entrust appealed. Because we find that the dispute over the business records is "related to" the administration of a bankruptcy estate, we conclude that the bankruptcy court has jurisdiction under 28 U.S.C. § 1334(b) and reverse the judgment of the district court.

## I.

Ryan filed a voluntary petition for bankruptcy in early 2002. At the time, he owned 100% of the stock in a number of corporate entities ("the Entities"), including Riverside Capital Advisors, Inc. On August 7, 2002, the bankruptcy trustee sold Ryan's interests in the Entities to Entrust for the sum of $60,000. In an order approving the sale, the bankruptcy court stated, in relevant part:

Any original books and records, and/or assets of the Entities . . . for

[*]Honorable Pasco Bowman, II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

which the Debtor has possession, custody, or control, shall be turned over to the Trustee forthwith. The Court shall retain jurisdiction to ensure that the Trustee and/or the Debtor turn over the books, records, or assets of the Entities to Entrust . . . .

Bankr. Ct. Order of Aug. 16, 2002, at 2. The trustee then turned over most of the business records of the Entities to Entrust. There remain, however, business records of Riverside that have not been turned over because Entrust and Winchester disagree about who owns them.

The dispute over the Riverside documents has its start in events that occurred prior to Ryan's bankruptcy. At some point before 2001, Winchester, a trust company that acts as sole trustee for several trusts, retained Riverside to provide investment advice. Ryan was an officer, director, and sole stockholder of Riverside. In August 2001, Winchester and Riverside terminated their business relationship. Pursuant to severance agreements, Ryan and Riverside were required to return to Winchester all files, books, and records related to the Winchester trusts. Ryan returned most of the records, but failed to return 26 boxes of records that had been stored in a warehouse with Ryan's property and were not located until after Ryan filed his bankruptcy petition. Winchester asserts that it owns these records pursuant to the severance agreements. Entrust asserts that it owns these records pursuant to its purchase of Riverside in the bankruptcy sale.

Winchester and Entrust filed various motions in the bankruptcy proceeding

regarding the documents. Entrust filed a motion for the bankruptcy court to establish a procedure for determining ownership, which the bankruptcy court granted. Winchester then filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the disputed records had never been part of the bankruptcy estate and that the matter therefore did not arise under federal bankruptcy law and was not related to the bankruptcy case. The bankruptcy court denied Winchester's motion to dismiss, stating:

> The Court finds and concludes it has jurisdiction to determine ownership of the records because the order approving the sale of the stock of the [Entities] specifically retained jurisdiction to resolve any disputes, the dispute concerns the enforcement of its order regarding the sale of estate assets and this court has inherent jurisdiction to enforce its own orders.

Bankr. Ct. Order of Feb. 9, 2006, at 3.

On February 17, 2006, Winchester appealed the jurisdictional order to the district court. The district court reversed the bankruptcy court, holding that the bankruptcy court did not have jurisdiction to resolve the dispute over the Riverside documents because the dispute did not "arise in" and was not "related to" the bankruptcy case. D. Ct. Order of Jan. 23, 2007, at 7–11. The district court remanded the case to the bankruptcy court "for further proceedings consistent with

4

[the district court's] opinion." Id. at 11.  Entrust appeals the district court's order.[1]

## II.

We review de novo the district court's determination that the bankruptcy court does not have subject matter jurisdiction to determine ownership of the Riverside business records.  Munford v. Munford, Inc. (In re Munford, Inc.), 97 F.3d 449, 453 (11th Cir. 1996); Cmty. Bank of Homestead v. Boone (In re Boone), 52 F.3d 958, 960 (11th Cir. 1995).

Bankruptcy courts have jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11."[2]  28 U.S.C. § 1334(b); see also id. § 157(a) (permitting district courts to refer proceedings under title 11 to bankruptcy judges).  Entrust argues that the bankruptcy court has jurisdiction under both the "arising in" and the "related to" language of § 1334(b).  Winchester maintains that the dispute is a simple contract matter over the effect of the 2001 severance agreements and therefore neither arises in nor is related to the bankruptcy case.  We conclude that the bankruptcy court has "related to"

---

[1]While a district court order remanding a case for further proceedings is ordinarily not final, an order that leaves nothing for the bankruptcy court to do on remand but carry out a ministerial duty is final.  See Jove Eng'g, Inc. v. I.R.S., 92 F.3d 1539, 1547–48 (11th Cir. 1996). Here, the district court's order left nothing for the bankruptcy court to do but dismiss the adversary proceeding initiated by Entrust for lack of subject matter jurisdiction.  The district court's order was thus final and immediately appealable, giving us jurisdiction over this case.

[2]Title 11 of the United States Code contains the Bankruptcy Code.

jurisdiction and therefore do not proceed to address "arising in" jurisdiction.

## III.

A dispute is "related to" a case under title 11 when its result "'could conceivably'" have an "'effect on the estate being administered in bankruptcy.'" Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.), 910 F.2d 784, 788 (11th Cir. 1990) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 129 (1995)).  The "'proceeding need not necessarily be against the debtor or against the debtor's property,'" if it could affect the administration of the bankruptcy estate.  Id. (quoting Pacor, Inc., 743 F.2d at 994); see also Celotex Corp. v. Edwards, 514 U.S. 300, 307 n.5 (1995) ("Proceedings 'related to' the bankruptcy include . . . suits between third parties which have an effect on the bankruptcy estate.").  "The key word in the Lemco Gypsum/Pacor test is 'conceivable,' which makes the jurisdictional grant extremely broad."  Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo), 170 F.3d 1340, 1345 (11th Cir. 1999).  As the Supreme Court recognized in Celotex Corp., "'Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate.'"  514 U.S. at 308 (quoting Pacor, Inc., 743 F.2d at 994).

6

In this case, we find the Lemco Gypsum/Pacor "conceivable effect" test satisfied. The dispute between Winchester and Entrust over the Riverside documents could conceivably affect the bankruptcy estate because the resolution of the dispute could impact the amount of money in the estate. If the documents are not turned over to Entrust as arguably required by the bankruptcy court's order approving the sale of the Entities, Entrust will have a viable claim for a refund from the estate of all or part of the $60,000 purchase price.[3] We have recognized that a bankruptcy court has jurisdiction over a dispute when the resolution of that dispute could conceivably have an impact on the amount of money in the bankruptcy estate. See Carter v. Rodgers, 220 F.3d 1249, 1253–54 (11th Cir. 2000) (holding that bankruptcy court had jurisdiction where the outcome of a dispute concerning the sale of property that belonged to the bankruptcy estate would affect the amount of estate property available to satisfy creditors' claims), cert. denied, 531 U.S. 1077 (2001); Munford, Inc., 97 F.3d at 454 (holding that bankruptcy court had jurisdiction to bar claims for contribution and indemnity by one nondebtor against another nondebtor because the claims, if allowed to be

_____

[3]Indeed, Entrust notes, "If Entrust does not receive the benefit of its bargained for consideration, i.e., the books and records relating to the . . . Entities, it will assert a claim against the bankruptcy estate in the amount of at least $60,000.00 (the purchase price paid to the bankruptcy trustee)." Reply Br. of Appellant at 7.
    We express no opinion about who is the rightful owner of the Riverside documents. We simply hold that the bankruptcy court has jurisdiction to address this issue in the first instance.

brought, would affect the amount of money in the bankruptcy estate).

Winchester asserts that Lemco Gypsum is analogous to this case and forecloses a finding of "related to" bankruptcy jurisdiction, but we disagree. In Lemco Gypsum, the debtor's landlord filed a motion in the bankruptcy court seeking an award of damages against the purchaser of the debtor's property because the purchaser failed to remove the property from the landlord's land. 910 F.2d at 786. Our Court ruled that the bankruptcy court lacked jurisdiction over the dispute because the outcome of the dispute—an order requiring the purchaser to pay damages directly to the landlord—would have no conceivable effect on the bankruptcy estate. Id. at 789. We explained, "Overlap between the bankrupt's affairs and another dispute is insufficient [for bankruptcy jurisdiction to lie] unless its resolution also affects the bankrupt's estate or the allocation of assets among creditors." Id. In the case presently before us, the dispute between Entrust and Winchester does have a conceivable effect on the bankruptcy estate, which could be subject to a $60,000 refund claim. Thus, our holding today is consistent with Lemco Gypsum.

For the reasons stated herein, the judgment of the district court is reversed.

**REVERSED.**

8