[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13133
_____

D.C. Docket Nos. 1:13-cv-03201-RLV; 11-bkc-79079-pwb

In Re: CDC CORPORATION,

                                        Debtor.
_____

TIMOTHY F. COEN,

                                        Plaintiff - Appellant,

versus

JOSEPH D. STUTZ,
CDC CORPORATION,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 11, 2015)

Before TJOFLAT, WILLIAM PRYOR and BALDOCK,[*] Circuit Judges.

BALDOCK, Circuit Judge:

Appellant Timothy F. Coen, a licensed attorney proceeding pro se, appeals from the district court's affirmance of the bankruptcy court's order denying him permission to sue Appellee Joseph D. Stutz. Because the bankruptcy court had jurisdiction to bar Coen's suit against Stutz, and because the Barton[1] doctrine applies to Coen's suit, we affirm.

## I.

CDC Corporation, predecessor to CDC Liquidation Trust, filed a Chapter 11 bankruptcy petition on October 14, 2011. The bankruptcy court approved Marcus Watson as CDC Corporation's Chief Restructuring Officer, with the understanding that Watson would wield substantially the same authority and responsibilities of a Chapter 11 trustee. Watson in turn asked Stutz to continue to serve as general counsel for CDC Corporation. On February 14, 2012, the bankruptcy court approved the Executive Service Agreement between CDC Corporation and Stutz.

CDC Corporation's primary asset in its Chapter 11 proceeding was its ownership of shares of CDC Software. Watson determined that it would be in the best interest of creditors and shareholders for CDC Corporation to sell its interest

---

[*] Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

[1] Barton v. Barbour, 104 U.S. 126 (1881).

in CDC Software.  CDC Software, however, resisted this plan.  So CDC Corporation altered CDC Software's board of directors by, among other things, installing Stutz as a new member of the board.  Stutz served as a member of CDC Software's board of directors from March 4 to April 10, 2012, in order to assist CDC Corporation in its Chapter 11 proceeding and to ensure the CDC Software would stop resisting the sale of its shares.  On March 8, CDC Software issued a 6-K report that Coen alleges to be, in part, defamatory.

On September 5, 2012, the bankruptcy court confirmed a reorganization plan for CDC (the "Plan").  In this confirmation, the bankruptcy court concluded that "[t]he release, injunctions and exculpation of Claims and Causes of Action described in Article XI of the Plan constitutes good faith compromises and settlements of the matters covered thereby," and that these releases "were fair, equitable, reasonable, and . . . integral elements" of the Chapter 11 plan.  One of the releases ("Release") "discharge[s] unconditionally . . . all of the Released Parties" from "any and all Claims [etc]" based on circumstances taking place in connection with or related to the "Chapter 11 Case or Plan."  Stutz is a "Released Party" under this Release.

On March 6, 2013, Coen filed a complaint in the Northern District of Georgia alleging state law claims for defamation and tortious interference against Stutz and others.  Upon learning of the Release, however, Coen ceased efforts to

3

serve Stutz. Instead, on June 29, 2013, Coen moved for permission from the bankruptcy court to sue Stutz. In particular, Coen sought a determination that no clause in the Plan barred his suit against Stutz.

The bankruptcy court denied Coen permission to sue Stutz. The court stated that the Release was "pretty broad" and covered "just about anything"—including the claims in Coen's suit. The court alternatively found that Coen needed its permission to sue Stutz under the Barton doctrine, and that even if the Release had not barred Coen's suit the court would have denied him permission to sue under Barton. Coen then appealed to the district court, which affirmed the bankruptcy court's decision. The district court concluded, among other things, that Coen conceded the applicability of the Barton doctrine and that the Release applied to cover Coen's suit. Coen timely appealed.

## II.

Before hearing this appeal, we asked the parties to address whether the bankruptcy court's August 16, 2013 order denying Coen permission to sue Stutz is a final or otherwise appealable order such that we may review the district court's affirmance of that order. In bankruptcy cases, our appellate jurisdiction extends to "all final decisions, judgments, orders, and decrees" entered by the district court. 28 U.S.C. § 158(d)(1). "A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."

4

Lockwood v. Snookies, Inc. (In re F.D.R. Hickory House, Inc.), 60 F.3d 724, 726 (11th Cir. 1995) (quotation omitted).  "Finality is given a more flexible interpretation in the bankruptcy context, however, because bankruptcy is an aggregation of controversies and suits."  Barben v. Donovan (In re Donovan), 532 F.3d 1134, 1136 (11th Cir. 2008).   Thus, "it is generally the particular adversary proceeding or controversy that must have been finally resolved rather than the entire bankruptcy litigation."  Id. (quotation and alteration omitted).  That said, the order appealed "must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief."  Id. at 1136–37 (quotation omitted).

We have jurisdiction to consider this appeal because the August 16, 2013 order is final and appealable.  The bankruptcy court's order completely resolved all of the issues related to Coen's suit against Stutz and the district court's affirmance of that order leaves nothing else for any other court to do.  Thus, exercising jurisdiction under 28 U.S.C. § 158(d), we proceed.

III.

"We review the district court's decision to affirm the bankruptcy court *de novo*, which allows us to assess the bankruptcy court's judgment anew, employing the same standard of review the district court itself used."  In re Globe Mfg. Corp., 567 F.3d 1291, 1296 (11th Cir. 2009).  We review a bankruptcy court's factual findings for clear error, and its legal conclusions *de novo*.  Id.  We do not liberally

construe *pro se* pleadings by licensed attorneys such as Coen.  Olivares v. Martin,

555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

Coen argues we should reverse the district court because, among other

things, (1) the bankruptcy court lacked jurisdiction to bar his suit against Stutz, and

(2) the Barton doctrine does not apply to his suit against Stutz.  We address and

reject each argument in turn.

## A.

Coen first asserts the bankruptcy court lacked jurisdiction to bar his suit

against Stutz because there was no nexus between his claims against Stutz and the

bankruptcy estate.  Each district court may provide the bankruptcy court in that

district with subject matter jurisdiction over civil proceedings that are "related to"

a Chapter 11 bankruptcy proceeding.  28 U.S.C. § 157(a).  In order for the

bankruptcy court to exercise this jurisdiction over a dispute, however, some nexus

between the civil proceeding and the title 11 case must exist.  Munford v. Munford,

Inc. (In re Munford, Inc.), 97 F.3d 449, 453 (11th Cir. 1996).  A sufficient nexus

exists if "the outcome of the proceeding could conceivably have an effect on the

estate being administered in bankruptcy."  Miller v. Kemira, Inc. (In re Lemco

Gypsum, Inc.), 910 F.2d 784, 788 (11th Cir.1990) (quoting Pacor, Inc. v. Higgins,

743 F.2d 984, 994 (3rd Cir. 1984)).  The suit need not be against the debtor or

against the debtor's property.  Id.  Rather we have held a suit could conceivably

affect the bankrupt estate "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively)" or if it could "in any way impact[] the handling and administration of the bankrupt estate." Id. This "related to" jurisdiction is "extremely broad." Cont'l Nat'l Bank v. Sanchez (In re Toledo), 170 F.3d 1340, 1345 (11th Cir. 1999).

A sufficient nexus exists between Coen's suit against Stutz and the bankruptcy estate. The suit targets Stutz, a fiduciary of the bankruptcy estate who remains general counsel of both CDC Corporation and the CDC Liquidation Trust. The suit complains of acts Stutz allegedly took while a member of the board of CDC Software, and Stutz's role in that position was to facilitate the administration of CDC Corporation's bankruptcy. Finally, CDC Corporation holds a Director and Officer insurance policy that could conceivably be triggered if Coen's suit against Stutz were successful. This would lead to a diminishment of the policy reserve which would in turn alter CDC Corporation's rights and liabilities. As such, Coen's suit against Stutz falls within the bankruptcy court's extremely broad "related to" jurisdiction.

## B.

Coen also asserts that the Barton doctrine does not apply to his suit against Stutz because Stutz was not a court-approved officer and because his suit was not

7

related to the bankruptcy estate.  Even assuming Coen did not previously concede the applicability of the Barton doctrine, the doctrine applies here.

Under the Barton doctrine, a plaintiff "must obtain leave of the bankruptcy court before initiating an action in district court when that action is against" a bankruptcy-court-approved officer.  Carter v. Rodgers, 220 F.3d 1249, 1252 & n.4, 1253 (11th Cir. 2000); In re Linton, 136 F.3d 544, 546 (7th Cir. 1998).  We have included attorneys and investigators hired by a trustee as among those actors who cannot be sued without the plaintiff first obtaining this leave.  Lawrence v. Goldberg, 573 F.3d 1265, 1269–70 (11th Cir. 2009).  Moreover, we have explained that Barton applies whenever the plaintiff's suit is "related to" the bankruptcy proceeding using the "conceivable effect" test discussed above in Section III.A.  Id. at 1270–71 (citing Lemco, 910 F.2d at 788).

On the other hand, a statutory exception to the Barton doctrine exists for suits based on acts committed "in carrying on business connected with" the bankruptcy estate.  28 U.S.C.A. § 959(a).  We have explained, however, that this limited exception "is intended to 'permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store.'"  Carter, 220 F.3d at 1254 (quoting Lebovits v. Scheffel (In re Lehal Realty Assocs.), 101 F.3d 272 (2d Cir. 1996)).  Section 959(a) does not apply to

8

suits based on actions taken to further the administering or liquidating the bankruptcy estate.  Id.

Coen's suit against Stutz falls comfortably within the bounds of Barton. Coen's argument that Stutz was not a court-approved officer because the bankruptcy court approved his executive service agreement rather than him personally is unavailing.  The court approved the documents that confirmed Stutz as general counsel for CDC Corporation and CDC Liquidation Trust.  In this position, Stutz is at least as connected to the estate as attorneys or investigators hired by a trustee, whom we have deemed covered by the doctrine.  Lawrence, 573 F.3d at 1269–70.  Moreover, Coen's suit is "related to" the bankruptcy proceeding for the reasons set forth in Section III.A.  Additionally, Coen's suit does not fall within the § 959(a) exception to Barton because Stutz's actions at CDC Software were in furtherance of the administration of CDC Corporation's bankruptcy estate, rather than in furtherance of CDC Software's day-to-day operations.

Accordingly, Coen needed permission from the bankruptcy court before bringing his suit against Stutz in district court.  Because he did not obtain this permission, his suit against Stutz cannot proceed, and we need not address his remaining arguments as to the applicability of the Release.

**AFFIRMED.**