[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13915

_____

D. C. Docket No. 06-01938-CV-ORL-22
BKCY No. 04-BK-01564-ABB

IN RE:  DONALD J. DONOVAN,

                                                                        Debtor.

_____

CINDY BARBEN,

                                                        Plaintiff-Appellant,

versus

DONALD J. DONOVAN,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 2, 2008)**

Before EDMONDSON, Chief Judge, and PRYOR and KRAVITCH, Circuit
Judges.

KRAVITCH, Circuit Judge:

This is a bankruptcy appeal. The order under review denies the motion of appellant Barben, an unsecured creditor, to dismiss Donovan's Chapter 7 bankruptcy case as abusive. The issue presented is whether we have jurisdiction. We conclude that we do not.

## I. Statement of Facts

As a result of a divorce settlement, Cindy Barben holds a $54,000 judgment against her ex-husband, Donald Donovan. The judgment is unsecured and is fully dischargeable in bankruptcy. Donovan filed a Chapter 13 bankruptcy petition on February 17, 2004, prior to the passage of the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act. A Chapter 13 plan was confirmed, and Donovan paid roughly $48,000 to the Chapter 13 trustee over a period of approximately one year. But because of monthly income fluctuations, Donovan became unable to make the payments under the plan as they came due. Accordingly, Donovan—apparently at the bankruptcy court's suggestion—converted the case to Chapter 7 on June 14, 2006; the bankruptcy court dismissed the Chapter 13 case on June 30, 2006.

Thereafter, Barben objected to the conversion and moved to dismiss the

2

Chapter 7 case. She argued that the conversion to Chapter 7 was presumptively abusive within the meaning of the 2005 Act because Donovan had more income than the median for his state—Florida—and, therefore, that the conversion should be disallowed and the case dismissed. The bankruptcy court held that the more stringent standards of the 2005 Act for conversion to Chapter 7 did not apply and that Barben lacked standing to raise the abuse issue under pre-2005 law. Accordingly, her motion to dismiss was denied on November 8, 2006. It is this denial of the motion to dismiss that was appealed first to the district court, which affirmed and granted costs to Donovan, and now to this court. Meanwhile, the bankruptcy court ultimately granted Donovan a discharge in Chapter 7 on August 7, 2007; that order is not on appeal.

## II. Discussion

A threshold issue in any case before this court is whether we have jurisdiction; we are obligated to consider jurisdiction even if it means raising the issue *sua sponte*. AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 494 F.3d 1356, 1359 (11th Cir. 2007). We review jurisdictional issues de novo. Id. at 1360.

A court of appeals has jurisdiction over only final judgments and orders arising from a bankruptcy proceeding, whereas the district court may review

3

interlocutory judgments and orders as well.  In re Walker, 515 F.3d 1204, 1210

(11th Cir. 2008); 28 U.S.C. § 158(d).  Whether the denial of a motion to dismiss

for abuse is a final appealable order is a question of first impression in this circuit.

Generally speaking, to be "final" under 28 U.S.C. § 158(d) and § 1291, an

order must end the litigation on the merits, leaving nothing to be done but execute

the judgment.  Jove Eng'g v. IRS, 92 F.3d 1539, 1547 (11th Cir. 1996).  Finality is

given a more flexible interpretation in the bankruptcy context, however, because

bankruptcy is an aggregation of controversies and suits.  Id. at 1548.  Instead, "[i]t

is generally the particular adversary proceeding or controversy that must have been

finally resolved rather than the entire bankruptcy litigation."  Commodore

Holdings, Inc. v. Exxon Mobil Corp., 331 F.3d 1257, 1259 (11th Cir. 2003).

But the justification for relaxing the finality rule—that bankruptcy is an

aggregation of disputes—also provides the limiting principle for that relaxation.

"Increased flexibility" in applying the finality doctrine in bankruptcy does not

render appealable an order which does not finally dispose of a claim or adversary

proceeding.[1]  Thus, to be final, a bankruptcy court order must "completely resolve

---

[1] We have also concluded that the finality requirement is met where practical considerations require it.  See In re Walker, 515 F.3d at 1210 (concluding that judicial economy would be "turned on its head" if the appellate court could not review the district court's affirmance of the removal of the trustee).  But practical considerations do not require review in this case.  We see no reason why Barben could not have obtained meaningful appellate review upon a final judgment.

all of the issues pertaining to a discrete claim, including issues as to the proper relief." In re Atlas, 210 F.3d 1305, 1308 (11th Cir. 2000); see e.g., Clay Co. Bank v. Culton, 111 F.3d 92, 93 (11th Cir. 1997) (district court order reversing a bankruptcy court's dismissal of an adversary proceeding and remanding to the bankruptcy court for further proceedings was not final); In re FDR Hickory House, 60 F.3d 724, 726 n.3 (11th Cir. 1995) (denial of summary judgment is non-final because it does not conclusively resolve a claim). In short, the same concepts of finality apply in bankruptcy as in any other case, but they are applied to the discrete controversies within the administration of the estate; "the separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do." In re Charter Co., 778 F.2d 617, 621 (11th Cir. 1985).

Based essentially on this logic, the weight of circuit authority has concluded that orders denying a motion to dismiss for bad faith or abuse are not appealable. At least three other circuits have specifically held that an order denying a motion to dismiss a Chapter 11 bankruptcy case for abusive filing is not a final order. In re Jartran, 886 F.2d 859, 864 (7th Cir. 1989); In re 405 N. Bedford Dr. Corp., 778 F.2d 1374, 1379 (9th Cir. 1985); see also In re Comm. of Asbestos Related Litigants, 749 F.2d 3, 5 (2d Cir. 1984) (declining to issue mandamus to review denial of motion to dismiss; suggesting in dicta that such denial was insufficiently

final for direct appeal).  But some courts have concluded to the contrary.  In particular, the Third Circuit has held that the denial of a motion to dismiss for bad faith is immediately appealable in both Chapter 7 and 11.  See In re Brown, 916 F.2d 120, 123-124 (3d Cir. 1990) (citing In re Christian, 804 F.2d 46 (3d Cir. 1986)).  These cases, however, do not discuss whether a particular adversary proceeding must be final.

Here, the bankruptcy court's order denying Barben's motion to dismiss the Chapter 7 case is not a final order.[2]  By denying her motion to dismiss, the bankruptcy court permitted the Chapter 7 case to continue.  The court did not conclusively resolve the bankruptcy case as a whole, nor did the court resolve any adversary proceeding or claim.

Further, this case does not fit into one of our established exceptions to the finality rule.  See In re FDR Hickory House, Inc., 60 F.3d at 726-727 (discussing

---

[2] Barben asserts that the denial of her motion to dismiss the Chapter 7 case *effectively* disallowed her claim because once Donovan's estate was converted to Chapter 7 administration it became a practical certainty that her claim would be discharged and she would receive little or no payment.  Because judicial disallowance of a claim is immediately appealable, Barben argues that a judge's order that has the practical effect of disallowance should be appealable as well.  See Greer v. O'Dell, 305 F.3d 1297, 1302 (11th Cir. 2002) (judicial disallowance is immediately appealable).  But while the conversion may in fact have guaranteed that Barben would not receive a distribution from the estate, that is a result of her unsecured status and the degree of Donovan's insolvency, not a matter of bankruptcy procedure.  The conversion from a Chapter 11 to a Chapter 7 proceeding is not legally equivalent to disallowing a claim; Barben was still a creditor in Donovan's Chapter 7 case and would have received a pro rata distribution had there been sufficient assets.

the exceptions and their applicability in that case).

Accordingly, we **DISMISS THE APPEAL FOR LACK OF JURISDICTION**.