[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15757
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cv-00353-JDW,
BKCY No. 8:01-bk-09988-ALP

In Re: TERRI L. STEFFEN,

Debtor.

_____

TERRI L. STEFFEN,

Plaintiff - Appellant,

versus

DOUGLAS N. MENCHISE,
Chapter 7 Trustee,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 11, 2012)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Debtor Terri L. Steffen appeals from the final order of the district court affirming the bankruptcy court's order granting Trustee Douglas N. Menchise's second motion for reconsideration (the "Reconsideration Order"), which vacated an earlier bankruptcy court order that had dismissed the Debtor's Chapter 7 bankruptcy case on the ground that it no longer served the purposes of the Bankruptcy Code (the "Dismissal Order"). The district court ruled that the bankruptcy court's Dismissal Order was non-final, thus not subject to the requirements of Federal Rule of Civil Procedure 60(b) and reviewable at any time by the bankruptcy court. The district court also refused to overturn the bankruptcy court's Reconsideration Order. On appeal, Steffen argues that the district court erred in holding that the bankruptcy court's Dismissal Order was non-final because the district court failed to consider the Dismissal Order's effects on pending litigation and the bankruptcy court's clear intention to end all litigation and close the case. After careful review, we affirm.

In the bankruptcy appeals, we sit "as a second court of review and thus examine[] independently the factual and legal determinations of the bankruptcy court and employ[] the same standards of review as the district court." In re Optical Techs., Inc., 425 F.3d 1294, 1299-1300 (11th Cir. 2005) (quotation omitted). When the issue raises a question concerning the interpretation of a Federal Rule of Bankruptcy

2

Procedure, we apply a de novo standard of review.  See In re Chase & Sanborn Corp., 904 F.2d 588, 593 (11th Cir. 1990); see also In re Fin. Federated Title & Trust, Inc., 309 F.3d 1325, 1328-29 (11th Cir. 2002) ("We review questions of law, whether made by the bankruptcy court or by the district court, under a de novo standard.").

The relevant procedural history is this.  Steffen filed a petition for relief under Chapter 11 of the Bankruptcy Code in May 2001.  More than six years later, at the request of one of Steffen's largest creditors, the bankruptcy court converted the case into a Chapter 7 bankruptcy.  Douglas Menchise was appointed as the Trustee.  Then, in December 2008, Steffen moved to dismiss the case for cause pursuant to 11 U.S.C. § 707(a) or, in the alternative, to convert it back to a Chapter 11 bankruptcy.  This motion was denied, and after a brief stint in the district court, Steffen filed a renewed motion to dismiss the bankruptcy case in the bankruptcy court.

In its Dismissal Order, the bankruptcy court found that the "continued administration of the estate will not promote the fundamental purposes of Chapter 7," and therefore, granted Steffen's renewed motion to dismiss, subject to the satisfaction of several conditions.  The Trustee moved for reconsideration, which was denied. The Trustee requested reconsideration a second time, based on a state court action that Steffen's former counsel filed against her, alleging numerous instances of concealment and fraud in Steffen's bankruptcy proceeding.  The bankruptcy court

3

agreed to reconsider the order on Steffen's renewed motion to dismiss and, in its Reconsideration Order, denied Steffen's motion. Thereafter, the district court affirmed on appeal, and Steffen filed a timely appeal with this Court.

Generally, under Eleventh Circuit case law, "[a]s with other types of cases, a final order in a bankruptcy proceeding is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." In re Culton, 111 F.3d 92, 93 (11th Cir. 1997). The requirement of finality excludes decisions that are subject to revision, "even of fully consummated decisions that are but steps towards final judgment in which they will merge." Behrens v. Pelletier, 516 U.S. 299, 305 (1996) (quotation and alteration omitted); see also Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 711 (5th Cir. 1979) (holding that an order is not final and appealable so long as the "matter remains open, unfinished, or inconclusive") (quotation omitted).[1] In Matter of Kutner, 656 F.2d 1107 (5th Cir. 1981), we explained that "[a] final judgment is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save superintend, ministerially, the execution of the decree." Id. at 1110

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

4

(quotation omitted).  We also recognized, on the other hand, that an interlocutory order is one that "does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." Id. at 1110-11 (quotation omitted).

"[T]he same concepts of finality apply in bankruptcy as in any other case, but they are applied to the discrete controversies within the administration of the estate." In re Donovan, 532 F.3d 1134, 1137 (11th Cir. 2008).  "Although courts take a more liberal view of what constitutes a separate dispute for purposes of appeal in bankruptcy cases, the separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do." In re Charter Co., 778 F.2d 617, 621 (11th Cir. 1985) (quotation and citation omitted).  "Thus, to be final, a bankruptcy court order must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." Donovan, 532 F.3d at 1136-37 (quotation omitted).

Here, the bankruptcy court's Dismissal Order, which granted the Debtor's motion to dismiss the Debtor's Chapter 7 bankruptcy case, concluded in this way:

> Because of the extraordinary circumstances surrounding the case, . . . the Court . . . determines that such dismissal should be subject to three conditions.  The conditions are necessary in order to effectuate the order

5

of dismissal and to carry out the provisions of title 11.  11 U.S.C. 105(a).

First, the Debtor should be prohibited from re-filing a bankruptcy case in any District of the United States for a period of two (2) years from the date that this case is dismissed. . .

Second, the funds currently held by the Chapter 7 Trustee should be distributed as follows:

1.    The sum of $50,000.00 shall be distributed to Ernest  B. Haire,  III pursuant  to the compromise of controversy presented by the Trustee. (Doc. 997).

2.    The balance of the funds shall be distributed according to priorities established  by § 726 of the Bankruptcy Code.

Within twenty-one (21) days of the date of this Order, the Trustee shall file with the Court a Notice of Proposed Distribution, and serve the Notice on all parties in interest.  If no Objection to the proposed distribution is filed within fourteen (14) days of the date of service, the Trustee shall distribute the funds in accordance with the Notice, and file a Certificate of Distribution with the Court.

Third, all of the appeals that arose from this case and that remain pending in the United States District Court, the Eleventh Circuit Court of Appeals, or any other appellate court, shall be dismissed within twenty-one (21) days of this Order. . . Within fourteen (14) days of the dismissal of all appeals arising from this case, the Debtor shall file a Notice with this Court that no such appeals remain pending.

Upon the filing of the Certificate of Distribution by the Trustee, and the Notice regarding dismissal of all pending appeals by the Debtor, the Court will enter an Order dismissing this Chapter 7 case,  and prohibiting the Debtor from re-filing any future bankruptcy Petitions for a period of two (2) years from the date of the Order.

. . .

6

> If an Objection to the proposed distribution is filed within fourteen (14) days from the date that the Notice is served, the Court will schedule a hearing on the Objection. If no Objection is filed, the Trustee will make the distribution in accordance with the Notice and file a Certificate of Distribution with this Court.

Dismissal Order at 15-17.

As the language clearly provides, the Dismissal Order did not fully resolve Steffen's bankruptcy case. Rather, following the Dismissal Order, resolution of the case remained open and unfinished pending compliance with the conditions set forth therein, and only upon compliance of those conditions would the bankruptcy court enter an order dismissing the bankruptcy. Most notably, the Dismissal Order provided that "[t]he balance of the funds shall be distributed according to priorities established by § 726 of the Bankruptcy Code," indicating that the Trustee had not yet crafted the proposed distribution of funds, nor had the parties approved of this distribution. This pending task alone highlights the unfinished state of Steffen's bankruptcy case.

For example, in Combs v. Ryan's Coal Co., 785 F.2d 970, 976 (11th Cir. 1986), we held that a district court civil contempt order "clearly conditioned on the submission of a substantial quantum of information" -- including whether appellants had paid part of the amount due and posted the balance on a bond and whether appellees had provided required accountings and audits -- was non-final. Similarly,

7

here, the bankruptcy court's Dismissal Order was conditioned on whether the Trustee would, among other things, create a proposed distribution of funds amenable to the parties and file a Certificate of Distribution with the bankruptcy court, and whether the Debtor would dismiss all appeals arising from the case and file a notice with the court that no appeals remained pending.  Until those actions were completed -- actions that were by no means perfunctory -- the Dismissal Order permitted the Chapter 7 case to continue and did not conclusively resolve the bankruptcy case as a whole, or any adversary proceeding or claim.  Donovan, 532 F.3d at 1137.  Thus, the Dismissal Order was simply not final.  Nor was the order denying Steffen's request to convert her case back to Chapter 11.  See In re Kutner, 656 F.2d 1107, 1110-11 (5th Cir. Sept. 21, 1981) (holding that an order striking a motion by a standing trustee to convert Chapter 13 proceedings to Chapter 7 proceeding on ground that each debtor was ineligible to file a petition under the former was interlocutory in character).

As Eleventh Circuit case law indicates, the thrust of the finality requirement is to "avoid the waste of judicial resources and the delay inherent in piecemeal litigation." In re Walker, 515 F.3d 1204, 1210 (11th Cir. 2008).  And, while, as noted above, some exceptions to the finality requirement have been crafted in the bankruptcy context, see Charter Co., 778 F.2d at 621, a final bankruptcy court order

8

nevertheless must "completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." Donovan, 532 F.3d at 1136-37 (quotation omitted). Steffen can point us to no exception in our case law providing otherwise. Accordingly, the district court did not err in concluding, sua sponte, that the bankruptcy court's Dismissal Order was non-final, and we affirm.

**AFFIRMED.**