[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14722
Non-Argument Calendar
_____

D. C. Docket Nos. 6:10-cv-01813-TJC; 6:10-bk-00983-ABB

In Re: GREG F. COLBOURNE,

Debtor.

_____

GREG F. COLBOURNE,

Plaintiff-Appellant,

versus

OCWEN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 29, 2013)

Before  MARTIN, FAY, and EDMONDSON, Circuit Judges.


PER CURIAM:


Greg F. Colbourne appeals the district court's affirmance of the bankruptcy court's denial of Colbourne's motions to value the claims of Deutsche Bank; claims asserted through Ocwen Loan Servicing, LLC ("Ocwen").[1]  In his motions, Colbourne sought to cram down Ocwen's first-priority mortgage liens on two investment properties, pursuant to 11 U.S.C. §§ 506(a) and 1325(a)(5).  No reversible error has been shown; we affirm.

In August 2009, Colbourne filed a Chapter 7 bankruptcy case in which he listed both Ocwen claims.  Colbourne received a discharge.  The Chapter 7 case was closed as a "no asset" case in December 2009.

Colbourne filed this Chapter 13 bankruptcy case in January 2010.  In his schedules, Colbourne listed Ocwen's mortgage liens: (1) a first-priority lien in the amount of $374,000 on Colbourne's Hopewell Drive property, which property is valued at $125,000; and (2) a first-priority lien in the amount of $226,800 on Colbourne's Grasmere Parkway property, which property is valued at $70,000.

---

[1] On appeal, Colbourne does not challenge the bankruptcy court's denial of Colbourne's motion to value a claim filed by Wells Fargo Dealer Services, f/k/a Wachovia Dealer Services, Inc.

Colbourne then filed motions to value and cram down Ocwen's claims based on the current appraised values of the properties, both of which were substantially less than the amounts outstanding on the mortgages.

The bankruptcy court denied Colbourne's motions. The bankruptcy court concluded that, because Colbourne was ineligible to receive a Chapter 13 discharge -- pursuant to 11 U.S.C. § 1328(f)(1)[2] -- based on his recent Chapter 7 discharge, he was precluded from cramming down Ocwen's claims.[3] The district court affirmed.

Colbourne argues that the bankruptcy court erred in concluding that, because Colbourne was ineligible to receive a discharge under Chapter 13, he may not cram down Ocwen's mortgage liens.

When the district court affirms the bankruptcy court's order, we review only the bankruptcy court's decision on appeal.[4] Educ. Credit Mgmt. Corp. v. Mosley,

---

[2] Section 1328(f)(1) provides that "the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge . . . in a case filed under chapter 7 . . . of this title during the 4-year period preceding the date of the order for relief under this chapter . . . ." 11 U.S.C. § 1328(f)(1).

[3] The bankruptcy court later confirmed Colbourne's Chapter 13 plan. Although the plan payments to Ocwen were calculated based on the proposed crammed down values, the bankruptcy court ordered Colbourne to pay all disposable income into the estate until this appeal was resolved. The bankruptcy court also ordered Colbourne to file a motion to modify the confirmed plan to pay Ocwen's claims in full if his appeal was unsuccessful.

[4] The district court's order affirming the bankruptcy court's denial of Colbourne's motions is a final and appealable order. See In re Donovan, 532 F.3d 1134, 1136 (11th Cir. 2008); T&B Scottdale Contractors v. United States, 866 F.2d 1372, 1375 (11th Cir. 1989). The district court concluded definitively that Colbourne was not permitted to cram down Ocwen's claims.

494 F.3d 1320, 1324 (11th Cir. 2007).  And we review the bankruptcy court's legal conclusions de novo.  Hemar Ins. Corp. of Am. v. Cox, 338 F.3d 1238, 1241 (11th Cir. 2003).

"Chapter 13 debtors enjoy 'broad power to modify the rights of the holders of secured claims.'"  In re Paschen, 296 F.3d 1203, 1205 (11th Cir. 2002).  "Section 1325(a)(5) is recognized as the source of a Chapter 13 debtor's authority to bifurcate secured claims and to 'strip down' the value of the claim to an amount equal to the value of the collateral."  Id. at 1206.

"Section 1325(a)(5) specifies the conditions under which Chapter 13 plans must address 'allowed secured claims'[5] if the plans are to be confirmed . . . ."  Id. at 1205-06.  In pertinent part, section 1325(a)(5) requires Chapter 13 plans to provide that the holder of "each allowed secured claim . . . retain the lien securing such claim until the earlier of . . . the payment of the underlying debt determined under nonbankruptcy law; or . . . discharge under section 1328."  11 U.S.C. § 1325(a)(5)(B)(i)(I).

---

Although the bankruptcy court must continue to oversee the administration of Colbourne's bankruptcy estate -- including modification of the confirmed plan in accordance with the district court's ruling -- the district court's order fully resolved the issue and left the bankruptcy court with no discretion in implementation.

[5] The term "allowed secured claim" refers to section 506(a), which provides that "[a]n allowed claim . . . secured by a lien on property . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim."  11 U.S.C. § 506(a).

Although Ocwen's claims are undersecured, that Ocwen is a "holder" of two "allowed secured claims" for purposes of section 1325(a)(5) is undisputed.

Other courts have explained that, when a "creditor's claim is bifurcated into a secured component and an unsecured component, [section 1325(a)(5)(B)(i)(I)] makes clear that the creditor may not be forced to release its lien upon payment of only the secured component."  In re Lilly, 378 B.R. 232, 235 (Bankr. Ct. C.D. Ill. 2007).  Thus, where a debtor is ineligible for a discharge -- as Colbourne was in this case -- the creditor retains its lien "until the entire amount of the debt, calculated without regard to the modifications permitted in bankruptcy, is paid." Id. at 236.

Absent a discharge, "any modifications to a creditor's rights imposed in the plan are not permanent and have no binding effect once the term of the plan ends." Id.; see also In re Jarvis, 390 B.R. 600, 605-06 (Bankr. Ct. C.D. Ill. 2008) ("A no-discharge Chapter 13 case may not . . . result in a permanent modification of a creditor's rights where such modification has traditionally only been achieved through a discharge and where such modification is not binding if a case is dismissed or converted.").

Several courts -- including the Middle District of Florida -- have followed the reasoning in In re Lilly and In re Jarvis in concluding that debtors ineligible for discharge may not modify a secured creditor's rights through cram down or strip

5

off.  See, e.g., In re Pierre, 468 B.R. 419, 423-24, n.19 (Bankr. Ct. M.D. Fla. 2012) (collecting cases and explaining that debtors who are ineligible for Chapter 13 discharge are unable to cram down a partially secured lien on investment property); In re Judd, 66 Collier Bankr. Cas. 2d (MB) 1620, 6 (Bankr. Ct. M.D. Fla. 2011) (denying Chapter 13 debtor's motion to strip off a partially secured second-priority mortgage lien on an investment property when the debtor was ineligible for a Chapter 13 discharge).

We are persuaded by the reasoning in these decisions.[6]  Thus, because Colbourne is ineligible for discharge under section 1328, he is unable to modify permanently Ocwen's claims through a cram down.  See In re Lilly, 378 B.R. at 236.

Colbourne also argues that, although he is ineligible for a Chapter 13 discharge, the Bankruptcy Code does not preclude him from filing for, or from receiving, Chapter 13 relief.  Although Colbourne's argument may be correct as a matter of law, the bankruptcy court -- in fact -- made no ruling that Colbourne was ineligible for filing a Chapter 13 case or that Colbourne was ineligible for all forms of Chapter 13 relief.  Instead, after denying Colbourne's motions to value, the

---

[6] We acknowledge that courts have approached differently the issue of lien-stripping in "Chapter 20" cases.  Because the majority of cases that permit lien-stripping, including each of the cases cited by Colbourne in his appellate brief, involve the stripping off of wholly unsecured second-priority liens on principal residences -- not the cram down of undersecured first-priority liens on investment property -- we see their guidance less applicable to the facts of this appeal.

bankruptcy court confirmed Colbourne's Chapter 13 plan pending resolution of this appeal.  Thus, although Colbourne is unable to cram down Ocwen's claims, he has already filed for (and benefited from) other forms of Chapter 13 relief.

We see no reversible error.  Colbourne's motions were denied properly.

AFFIRMED.