[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-14304

Non-Argument Calendar

_____

BEAULIEU GROUP, LLC, ET AL.,

Debtors.

_____

ENGINEERED FLOORS, LLC,

Plaintiff-Appellee-Cross-Appellant,

versus

BEAULIEU OF AMERICA,INC.
BEAULIEU GROUP, LLC
PHOENIXCORPORATE RECOVERY
SERVICES, LLC,
in its capacity as the liquidating trustee for
the Estate of Beaulieu Group, LLC, et al.

2                    Opinion of the Court                    21-14304

f.k.a. PMCM 2, LLC,

                                                Defendants,


LAKESHORE EQUIPMENT COMPANY,
d.b.a. Lakeshore Learningmaterials,

                                Defendant-Appellant-Cross-Appellee.


_____

Appeals from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:20-cv-00289-WMR

_____

Before WILSON, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

In this bankruptcy adversary proceeding, Appellant-Cross-Appellee Lakeshore Equipment Company (Lakeshore) appeals the district court's order reversing the bankruptcy court's order that granted Lakeshore's motion to sever and dismissed Appellee-Cross-Appellant Engineered Floors, LLC's (EF) contempt claim against Lakeshore for lack of subject matter jurisdiction.  For its part, EF cross-appeals the district court's affirmance of the

bankruptcy court's wholesale dismissal of EF's claims against Lakeshore, other than the contempt claim, for lack of subject matter jurisdiction. EF argues that all of its claims against Lakeshore, not just its contempt claim, should go forward in the bankruptcy court on remand and be the subject of discovery. After reviewing our jurisdiction, we dismissed the appeal and cross-appeal, in part, to the extent that the parties seek to challenge the district court's decisions as to the bankruptcy court's dismissal of all claims against Lakeshore for lack of subject matter jurisdiction. We carried with the case the issue of whether we have appellate jurisdiction, under the collateral order doctrine, to review the district court's decision to reverse the bankruptcy court's order that granted Lakeshore's motion to sever. After further review, we conclude that Lakeshore's appeal and EF's cross-appeal should be dismissed for lack of subject matter jurisdiction.

## I.

This is an adversary proceeding to the underlying bankruptcy case involving debtor Beaulieu Group, LLC (Beaulieu). On July 16, 2017, Beaulieu, a manufacturer and seller of carpet, filed a petition for bankruptcy in the United States Bankruptcy Court of the Northern District of Georgia. Beaulieu and EF then moved in the bankruptcy court for approval of a sale of Beaulieu's non-real estate assets to EF (the Asset Purchase Agreement). The bankruptcy court approved the sale through a Sale Order. As a result of the Sale Order, EF obtained Beaulieu's carpet inventory.

One of Beaulieu's customers, Lakeshore, brought claims against EF for defective carpet.  EF then initiated this adversary proceeding in the bankruptcy court against Beaulieu and the liquidating trustee (collectively, the Debtors) and Lakeshore.  The complaint was based on allegations that the Asset Purchase Agreement shielded EF from warranty claims and other liabilities that the Debtors owed to Lakeshore.  Further, EF alleged that Lakeshore violated the Sale Order by suing EF in California state court and falsely alleging EF was liable for warranty claims on carpet manufactured by the Debtors.  According to EF, the Sale Order provides that EF did not assume any alleged warranty claims and other liabilities for Lakeshore's claims against the Debtors and EF. Lakeshore violated the Sale Order, EF alleged, by falsely asserting that EF is liable for warranty claims for carpet manufactured by Beaulieu before EF purchased Beaulieu's assets.  Further, EF contended that the Debtors violated the Asset Purchase Agreement and Sale Order by shifting their liabilities for the defective carpet to EF.

Lakeshore filed a motion to sever pursuant to Federal Rule of Civil Procedure 21 and Bankruptcy Rule of Procedure 7021.  In its support brief, Lakeshore stated that it had initiated a civil action against EF for warranty claims for defectively manufactured carpets.  Lakeshore further clarified that Lakeshore's warranty claims could be classified into three types of claims: (1) carpet that Beaulieu manufactured and sold to Lakeshore (Bucket 1); (2) carpet that Beaulieu manufactured at least in part, but that was sold by EF to

Lakeshore (Bucket 2); and (3) carpet that EF manufactured and sold to Lakeshore (Bucket 3).  Lakeshore requested that the bankruptcy court sever the Bucket 2 and 3 claims from the Bucket 1 claims and either allow those claims to proceed in an appropriate forum or dismiss those claims and remand to another court.

EF's operative complaint in the adversary proceeding contains the following claims: (1) declaratory judgment against the liquidating trustee and Lakeshore (Count I); (2) specific performance of the Asset Purchase Agreement and enforcement of the Sale Order against the liquidating trustee and Lakeshore (Count II); (3) breach of contract and duty of good faith and fair dealing against the liquidating trustee (Count III); (4) damages incurred by EF in defending Lakeshore's claims against the liquidating trustee (Count IV); (5) unjust enrichment against the liquidating trustee (Count V); (6) apportionment, indemnity, and contribution against the liquidating trustee (Count VI); (7) an injunction against Lakeshore (Count VII); (8) allowance of an administrative expense claim against the liquidating trustee (Count VIII); (9) civil contempt against Lakeshore (Count IX); and (10) bad faith attorneys' fees against Lakeshore (Count X).

The Debtors moved for summary judgment on all claims asserted against it by EF in the adversary proceeding (Counts I–VI and VIII).  Lakeshore also moved for partial summary judgment, seeking an order that EF is not immune from liability for Bucket 2 and Bucket 3 claims.  The Bucket 1 claims were not at issue because those claims only concerned the Debtors and Lakeshore.  The

Debtors and Lakeshore separately resolved those claims via a settlement agreement.  It was also not disputed that the Bucket 3 claims are borne by EF, as the Debtors did not play any role in those transactions with Lakeshore.  The main issue before the bankruptcy court was determining which party, the Debtors or EF, were liable for Bucket 2 claims.  Under the terms of the Asset Purchase Agreement, the bankruptcy court found that Beaulieu was responsible for Bucket 1 claims, while EF was responsible for Bucket 2 and 3 claims.  As a result, the bankruptcy court granted the Debtors' motion for summary judgment and Lakeshore's motion for partial summary judgment (the Summary Judgment Order).  The Summary Judgment Order disposed of all claims against the Debtors.

EF's remaining claims against Lakeshore (Counts I, II, VII, IX, and X) were disposed of by the bankruptcy court's granting of Lakeshore's motion to sever (the Severance Order).  However, rather than severing the claims against Lakeshore and sending them to a different forum, the bankruptcy court found that because the claims did not concern the administration of the bankruptcy estate, it dismissed the claims for lack of subject matter jurisdiction.

EF appealed both the Summary Judgment Order and the Severance Order to district court.  Those appeals were treated as separate appeals in the district court.  Although the district court did not consolidate the appeals, the district court ruled on both appeals in one order.  The district court affirmed the Summary Judgment Order in favor of the Debtors, finding that the Bucket 2

21-14304                Opinion of the Court                7

Claims were the responsibility of EF, and not the Debtors, under the terms of the Asset Purchase Agreement. As to the Severance Order, the district court reversed the bankruptcy court's dismissal of one of EF's claims against Lakeshore for lack of jurisdiction. The district court found that the bankruptcy court had jurisdiction to consider EF's civil contempt claim (Count IX) against Lakeshore, so it reversed and remanded that claim to the bankruptcy court.

There are currently two appeals before this court concerning EF's adversary proceeding. The first is EF's appeal of the district court's affirmance of the Summary Judgment Order. That appeal concerns EF's claims against the Debtors and is not before this panel. The second, which is before this panel, is Lakeshore's appeal of the district court's reversal of the Severance Order as to the contempt claim. EF also cross-appealed the district court's decision not to reverse and remand as to EF's other claims against Lakeshore.

We raised a jurisdictional question in both appeals. For this appeal, we dismissed the appeal and cross-appeal in part to the extent that the parties challenge the district court's decisions as to bankruptcy court's dismissal of all of EF's claims against Lakeshore for lack of subject matter jurisdiction via the Severance Order. The district court order was not a final order on the merits because it reversed and remanded to the bankruptcy court on the contempt claim. We carried with the case the issue of whether we have appellate jurisdiction to review the district court's decision to reverse the bankruptcy court's grant of the motion to sever.

## II.

A review of the parties' briefs tells us that there are no remaining issues on appeal for us to consider and we must dismiss Lakeshore's appeal and EF's cross-appeal.  In its brief, Lakeshore only argues that the district court erred in reversing the bankruptcy court as to the contempt claim.  We already decided that we lack jurisdiction over this appeal because it is not a final order.  *See In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008) ("A court of appeals has jurisdiction over only final judgments and orders arising from a bankruptcy proceeding[.]").  Thus, there are no remaining issues in Lakeshore's appeal.  As to EF's cross-appeal, EF contends that while it agrees that the district court correctly decided that the bankruptcy court does have jurisdiction over the contempt claim (Count IX), it erred in not reversing as to EF's other claims against Lakeshore (Counts I, II, VII, and X).  The district court did not address whether the bankruptcy court had jurisdiction over these additional claims because it found that EF only referred to them in passing in his brief before the district court.

We conclude that EF makes the same error in its cross-appeal before this court.  While EF cites to authority in support of its argument that the district court properly determined that the bankruptcy court had jurisdiction over the contempt claim, EF does not do so regarding its remaining claims against Lakeshore.  EF only references its Counts I, II, VII, and X claims against Lakeshore in passing in its brief and cites to no authority as to why the bankruptcy court erred in concluding that it did not have subject matter

jurisdiction over these claims.  The only argument that EF offers for these specific claims is that "reversing the grant of partial summary judgment for Lakeshore would also require the reinstatement of [EF's] claims against Lakeshore for declaratory judgment, for specific performance of the Asset Purchase agreement insofar as that relates to Lakeshore, and for injunction of Lakeshore's claims as violative of the sale order."  However, this does not address the key issue of how these claims against Lakeshore affect the bankruptcy estate.  Accordingly, EF has abandoned any arguments that his remaining claims against Lakeshore, besides its contempt claim, should be reinstated. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014).

Since all issues in this appeal have either already been dismissed or are abandoned, we dismiss Lakeshore's appeal and EF's cross-appeal for lack of jurisdiction.

**DISMISSED.**