[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14276

Non-Argument Calendar

_____

In re:

BEAULIEU GROUP, LLC, et al.,

Debtors.

_____

ENGINEERED FLOORS, LLC,

Plaintiff-Appellant,

*versus*

BEAULIEU OF AMERICA, INC.,

BEAULIEU GROUP, LLC,

PHOENIXCORPORATE RECOVERY SERVICES, LLC,

in its capacity as the liquidating trustee for

the Estates of Beaulieu Group, LLC, et al

f.k.a. PMCM 2, LLC,

LAKESHORE EQUIPMENT COMPANY,

d.b.a. Lakeshore Learningmaterials,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:20-cv-00290-WMR

————————————————

Before WILSON, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

In this bankruptcy adversary proceeding, Appellant Engineered Floors, LLC (EF) appeals the district court's order affirming the bankruptcy court's grant of summary judgment to Appellees Beaulieu Group, LLC (Beaulieu) and Phoenix Corporate Recovery Services, LLC (the Liquidating Trustee and collectively, the Debtors). This case is about who is liable for defective carpet sold by EF to Lakeshore Equipment Company (Lakeshore). The bankruptcy court found that the Debtors were not liable for the defective carpet claims and entered summary judgment in favor of the Debtors on all of EF's claims against the Debtors. It also entered partial

summary judgment in favor of Lakeshore as to liability for the defective carpet. The district court likewise found that the Debtors were not liable for the defective carpet and affirmed the bankruptcy court's summary judgment on appeal. We agree with the bankruptcy court and district court that the Debtors are not liable for the defective carpet and therefore affirm

## I.

On July 16, 2017, Beaulieu, a manufacturer and seller of carpet, filed a petition for bankruptcy in the United States Bankruptcy Court of the Northern District of Georgia. Beaulieu and EF then moved in the bankruptcy court for approval of a sale of Beaulieu's non-real estate assets to EF (the Asset Purchase Agreement). The bankruptcy court approved the sale through a Sale Order. As a result of the Sale Order, EF obtained Beaulieu's carpet inventory.

One of Beaulieu's customers, Lakeshore, brought claims against EF for defective carpet. EF then initiated this adversary proceeding in the bankruptcy court against the Debtors and Lakeshore. The complaint was based on allegations that the Asset Purchase Agreement shielded EF from warranty claims and other liabilities that the Debtors owed to Lakeshore. Further, EF alleged that Lakeshore violated the Sale Order by suing EF in California state court and falsely alleging EF was liable for warranty claims on carpet manufactured by the Debtors. According to EF, the Sale Order provides that EF did not assume any alleged warranty claims and other liabilities for Lakeshore's claims against the Debtors and EF. Lakeshore violated the Sale Order, EF alleged, by falsely

asserting that EF is liable for warranty claims for carpet manufactured by Beaulieu before EF purchased Beaulieu's assets. Further, EF contended that the Debtors violated the Asset Purchase Agreement and Sale Order by shifting their liabilities for the defective carpet to EF.

Lakeshore moved to sever pursuant to Federal Rule of Civil Procedure 21 and Bankruptcy Rule of Procedure 7021. In its support brief, Lakeshore stated that it had initiated a civil action against EF for warranty claims for defectively manufactured carpets. Lakeshore further clarified that Lakeshore's warranty claims could be classified into three types of claims: (1) carpet that Beaulieu manufactured and sold to Lakeshore (Bucket 1); (2) carpet that Beaulieu manufactured at least in part, but that was sold by EF to Lakeshore (Bucket 2); and (3) carpet that EF manufactured and sold to Lakeshore (Bucket 3). Lakeshore requested that the bankruptcy court sever the Bucket 2 and 3 claims from the Bucket 1 claims and either allow those claims to proceed in an appropriate forum or dismiss those claims and remand to another court.

EF's operative complaint in the adversary proceeding contains the following claims: (1) declaratory judgment against the Liquidating Trustee and Lakeshore (Count I); (2) specific performance of the Asset Purchase Agreement and enforcement of the Sale Order against the Liquidating Trustee and Lakeshore (Count II); (3) breach of contract and duty of good faith and fair dealing against the Liquidating Trustee (Count III); (4) damages incurred by EF in defending Lakeshore's claims against the Liquidating

Trustee (Count IV); (5) unjust enrichment against the Liquidating Trustee (Count V); (6) apportionment, indemnity, and contribution against the Liquidating Trustee (Count VI); (7) an injunction against Lakeshore (Count VII); (8) allowance of an administrative expense claim against the Liquidating Trustee (Count VIII); (9) civil contempt against Lakeshore (Count IX); and (10) bad faith attorneys' fees against Lakeshore (Count X).

The Debtors moved for summary judgment on all claims asserted against them by EF in the adversary proceeding (Counts I–VI and VIII). Lakeshore also moved for partial summary judgment, seeking an order that EF is not immune from liability for the Bucket 2 and Bucket 3 claims. The Bucket 1 claims were not at issue because those claims only concerned the Debtors and Lakeshore. The Debtors and Lakeshore separately resolved those claims via a settlement agreement. It was also not disputed that the Bucket 3 claims are borne by EF, as the Debtors did not play any role in those transactions with Lakeshore. The main issue before the bankruptcy court was determining which party, the Debtors or EF, could be held liable for the Bucket 2 claims. Under the terms of the Asset Purchase Agreement, the bankruptcy court found that Beaulieu was responsible for the Bucket 1 claims but not responsible for the Bucket 2 and 3 claims. As a result, the bankruptcy court granted the Debtors' motion for summary judgment and Lakeshore's motion for partial summary judgment (the Summary Judgment Order). The Summary Judgment Order disposed of all claims against the Debtors.

EF's remaining claims against Lakeshore (Counts I, II, VII, IX, and X) were disposed of by the bankruptcy court's granting of Lakeshore's motion to sever (the Severance Order). However, rather than severing the claims against Lakeshore and sending them to a different forum, the bankruptcy court found that because the claims did not concern the administration of the bankruptcy estate, it dismissed the claims for lack of subject matter jurisdiction.

EF appealed both the Summary Judgment Order and the Severance Order to district court. Those appeals were treated as separate appeals in the district court. Although the district court did not consolidate the appeals, the district court ruled on both appeals in one order. The district court affirmed the Summary Judgment Order in favor of the Debtors, finding that the Bucket 2 claims were not the responsibility of the Debtors under the terms of the Asset Purchase Agreement. As to the Severance Order, the district court reversed the bankruptcy court's dismissal of one of EF's claims against Lakeshore for lack of jurisdiction. The district court found that the bankruptcy court had jurisdiction to consider EF's civil contempt claim (Count IX) against Lakeshore, so it reversed and remanded that claim to the bankruptcy court.

EF appealed the district court's affirmance of the Summary Judgment Order to this court. That appeal is before this panel. Separately, Lakeshore appealed the district court's reversal of the Severance Order as to the contempt claim. EF also cross-appealed the district court's decision not to reverse and remand as to EF's other claims against Lakeshore (Counts I, II, VII, X).

## II.

We raised a jurisdictional question in both appeals. For this appeal, we carried with the case the issue of finality of the Summary Judgment Order. For Lakeshore's separate appeal, we dismissed the appeal for lack of subject matter jurisdiction to the extent that Lakeshore appealed the district court's reversal of the Severance Order for EF's contempt claim. We concluded that the bankruptcy court's Severance Order with respect to the contempt claim was no longer final because the district court reversed and remanded that claim to the bankruptcy court. We further found that EF had abandoned any issues in its cross-appeal that the bankruptcy court erred in dismissing its remaining claims against Lakeshore. *See Engineered Floors, LLC v. Beaulieu of Am., Inc.*, No. 21-14304, 2022 WL 2903402 (11th Cir. July 22, 2022).

We conclude that we have jurisdiction over EF's appeal of the Summary Judgment Order. "A court of appeals has jurisdiction over only final judgments and orders arising from a bankruptcy proceeding." *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008). A bankruptcy order is "final" when it "end[s] the litigation on the merits, leaving nothing to be done but execute the judgment." *Id.* Taken in isolation, the Summary Judgment Order was not a final order because it did not dispose of EF's remaining claims against Lakeshore. However, when considered in conjunction with the Severance Order, the Summary Judgment Order became final when the bankruptcy court dismissed EF's remaining claims. Thus, "[EF's] adversary proceeding . . . [was] finally resolved." *Id.*

## III.

"When reviewing a district court's appellate review of a bankruptcy court's decision, we apply the same standards of review as the district court." *In re Stanford*, 17 F.4th 116, 121 (11th Cir. 2021). Therefore, "we review conclusions of law drawn by both the district court and the bankruptcy court *de novo*." *Id.*

## IV.

At the outset, we note that this appeal concerns the bankruptcy court's grant of summary judgment in favor of the Debtors for Counts I–VI and VIII, referred to above as the Summary Judgment Order. In granting summary judgment for the Debtors, the dispositive issue for each of those claims was whether EF or Beaulieu was responsible for the Bucket 2 claims. Because the bankruptcy court determined that Beaulieu was not responsible for the Bucket 2 claims, the bankruptcy court granted summary judgment for the Debtors. The bankruptcy court also granted partial summary judgment for Lakeshore on the threshold legal issue of liability for the Bucket 2 claims.

The district court likewise found the "key legal question" was "whether EF or Beaulieu is subject to liability for Bucket 2 claims under the Asset Purchase Agreement." While the district court concluded that EF was not responsible for Beaulieu's liabilities unless EF expressly assumed them, it noted that the Asset Purchase Agreement did not shield EF from its own liabilities. Applying Georgia law, which governs this dispute, the district court

found that Beaulieu was not responsible for the Bucket 2 claims because EF was the seller of that carpet.

While the issue should seem to be straightforward at this point—whether Beaulieu is liable for the Bucket 2 claims—the parties dispute the issue on appeal. EF frames the issue as this: Whether the bankruptcy court and district court erred "by not holding that the Asset Purchase Agreement and the order approving it shield [EF] from claims based on alleged warranties in Lakeshore's purchase orders to Beaulieu." Disputing this framing, the Debtors respond that "the only issue in this appeal is whether [Beaulieu] could have any breach of warranty liability for the sale of carpet by Engineered Floors to Lakeshore."

We agree with Beaulieu's framing of the issue. For Beaulieu to prevail at summary judgment, it needed to show that it was not liable for the Bucket 2 claims. EF's complaint in the adversary proceeding was based on allegations that Beaulieu was shifting its obligations to EF in violation of the Asset Purchase Agreement and Sale Order. But if the Bucket 2 claims were not Beaulieu's responsibility, then, as the bankruptcy court correctly noted, all of EF's claims against Beaulieu must fail.

EF does not argue that it cannot be liable *at all* to Lakeshore for the Bucket 2 claims or that Beaulieu is liable for those claims. Instead, it argues that it could not be liable based on the warranties made by Beaulieu in its purchase orders to Lakeshore before EF bought Beaulieu's business. But the bankruptcy court did not hold that EF assumed liability for these specific warranties. Rather, the

bankruptcy court concluded that "any agreement for the sale of product must be between EF and Lakeshore, and *any* express or implied warranties issued were issued by EF and not by the Debtors." Thus, the bankruptcy court simply found that *any potential liability* arising from the Bucket 2 claims must not be borne by Beaulieu because Beaulieu did not sell those goods.

Rather than addressing the dispositive issue underlying the Summary Judgment Order, which is liability for the Bucket 2 claims, EF's brief focuses on the merits of Lakeshore's breach of warranty claims against EF. Throughout its initial brief and reply brief, EF contends that it cannot be held liable for Lakeshore's claims because they are based on warranties Beaulieu made which EF did not assume. While that might mean EF would prevail in a lawsuit between EF and Lakeshore, reversing the Summary Judgment Order would ultimately require us to find that Beaulieu is liable for the Bucket 2 claims. We agree with both the district court and the bankruptcy court that Beaulieu cannot be liable for the Bucket 2 claims because it was not the seller of the carpet. *See Lamb v. Georgia-Pacific Corp.*, 392 S.E.2d 307, 309 (Ga. Ct. App. 1990) ("As this warranty clearly arises out of a contract of sale of goods, it can only run to a buyer who is in privity of contract with the seller."). Therefore, the Summary Judgment Order and the district court's order affirming it are affirmed.[1]

---

[1] EF also appeals the district court's affirmance of the bankruptcy court's denial of its motion to compel discovery concerning whether Lakeshore was

**AFFIRMED.**

---

properly notified of the bankruptcy and asset sale and whether Beaulieu or EF made and sold each of the carpet rolls at issue.  However, as the issue at summary judgment was a legal question, these factual disputes are not relevant, and we therefore affirm the bankruptcy court's denial of EF's motion to compel and the district court's affirmance of that denial.