[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12048

Non-Argument Calendar

_____

In Re: A & S ENTERTAINMENT, LLC,
d.b.a. The Office
d.b.a. Club Pink Pussy Cat, Inc.,

Debtor.

_____

A & S ENTERTAINMENT, LLC,
d.b.a. The Office,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF REVENUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-20919-BB

_____

Before WILLIAM PRYOR, Chief Judge, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

A & S Entertainment appeals an order dismissing as untimely its appeal of bankruptcy orders establishing the amount and priority of a tax claim by the Florida Department of Revenue. A & S did not appeal those orders for over seven months until the bankruptcy court confirmed an amended reorganization plan. A & S argues that the orders establishing the priority status and amount of the tax claim by the Department were not final until the bankruptcy court confirmed the amended reorganization plan, so the appeal to the district court was timely. We disagree and affirm.

In April 2021, A & S filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code. The Department submitted a proof of claim for $2,366,000.84 for sales and use tax and alleged that $2,056,595.88 of the claim was entitled to priority. *See* 11 U.S.C. § 507(a)(8)(C).

A & S objected. It agreed the Department was entitled to the full amount of its claim, but only as a general unsecured claim. After Florida responded, the bankruptcy court held a hearing on the objection. On June 18, 2021, the bankruptcy court entered a priority order sustaining in part and overruling in part the objection by A & S. The bankruptcy court ruled that $1,880,110.31 of the claim was a priority claim and $485,890.53 was a general unsecured claim.

A & S moved for reconsideration. On August 23, 2021, after holding another hearing, the bankruptcy court confirmed the priority order. A & S did not immediately appeal.

On September 20, 2021, A & S filed a plan of reorganization. The proposed plan stated, "All General Unsecured Creditors other than Class 2 Claim will share, pro-rata in a fund of money of $1,000.00 per month for 36 months Plus 15% of the savings, if any, from the Debtor's appeal of the priority of the Class 1 creditor, [the Department], which will be more fully defined in a subsequent filing." On November 2, 2021, A & S amended the plan and removed the appeal language. On March 11, 2022, after holding a hearing, the bankruptcy court confirmed the amended reorganization plan and stated that all classes of creditors required to vote accepted the amended reorganization plan.

On March 25, 2022, A & S filed a notice of appeal from the priority order, the reconsideration order, and the confirmation order "as to the Priority status of the State of Florida, Department of Revenue." The Department moved to dismiss the notice of appeal

as untimely. The bankruptcy court denied the motion to dismiss without prejudice because it lacked the authority to decide whether an order was final for purposes of appeal. But it stated that, if it had that authority, it would grant the motion to dismiss.

In the district court, the Department again moved to dismiss the appeal as untimely as to the priority and reconsideration orders. After A & S responded, the district court granted the motion and dismissed the case for lack of jurisdiction. The district court ruled that the priority and reconsideration orders were final orders for purposes of appeal, so A & S was required to file a notice of appeal within 14 days after the reconsideration order was entered.

Our jurisdiction to hear appeals extends only to "final" orders by a district court reviewing a decision by a bankruptcy court. 28 U.S.C. § 158(d). If the district court lacked jurisdiction due to an untimely appeal from a bankruptcy order, we will affirm the dismissal by the district court. *In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000); *see also Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 592 (2020).

Ordinarily, a final order "must end the litigation on the merits, leaving nothing to be done but execute the judgment." *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008). But in the bankruptcy context, "finality is given a more flexible interpretation." *Id.* A bankruptcy case "involves an aggregation of individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015) (internal quotation marks omitted). As a result,

"Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Id.* (citation omitted).

To be final and appealable, the bankruptcy order must "completely resolve all of the issues pertaining to a discrete claim," leaving nothing more for the bankruptcy court to do but execute the judgment. *In re Donovan*, 532 F.3d at 1137 (citation omitted). An order denying priority status to a creditor's claim is "final" because it resolves a discrete dispute within the bankruptcy proceeding. *See Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 657 n.3 (2006); *In re Saco Loc. Dev. Corp.*, 711 F.2d 441, 448 (1st Cir. 1983) (majority opinion of Breyer, J.) ("[A]s long as an order allowing a claim or priority effectively settles the amount due the creditor, the order is 'final' even if the claim or priority may be reduced by other claims or priorities.").

To appeal a final bankruptcy order, a party must file a notice of appeal within 14 days after the entry of the order. Fed. R. Bankr. P. 8002(a); 28 U.S.C. § 158(c)(2). When a party files a timely motion for reconsideration, the time to file a notice of appeal runs from the date of the entry of the order disposing of the motion. Fed. R. Bankr. P. 8002(b); 28 U.S.C. § 158(c)(2).

The district court did not err in dismissing the appeal because the priority and reconsideration orders were final and immediately appealable orders. The objection by A & S to the priority claim by the Department initiated a dispute, which the bankruptcy court resolved by holding a hearing on the matter and ruling that

the Department had a valid priority claim. 11 U.S.C. § 507(a)(8)(C). After holding another hearing on reconsideration, the bankruptcy court confirmed the priority status and amount of the claim by the Department. These orders settled and disposed of a discrete dispute—what was owed to the Department—within the larger bankruptcy case. *Bullard*, 575 U.S. at 501; *In re Donovan*, 532 F.3d at 1137. And because the orders were final and appealable on August 23, 2021, the March 25, 2022 notice of appeal by A & S was untimely by over seven months. Fed. R. Bankr. P. 8002(a), (b); 28 U.S.C. § 158(c)(2). We affirm the dismissal of the appeal as untimely.

**AFFIRMED.**