[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10382

Non-Argument Calendar

_____

In re: RODERICK O. FORD,
a.k.a. Roderick O. Ford,

                                                      Debtor.

_____

RODERICK O. FORD,
a.k.a. Roderick O. Ford,

                                                      Plaintiff-Appellant,

*versus*

STATE OF FLORIDA DEPARTMENT OF REVENUE,
TRENISE BRAXTON,

2                      Opinion of the Court                    24-10382

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-00513-KKM,
Bkcy No. 8:22-bk-4087-RCT

————————————

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Eight years ago, Roderick Ford filed for Chapter 13 bankruptcy. The bankruptcy court transferred and ultimately dismissed his case. Ford appealed the bankruptcy court's orders, which the district court affirmed. Ford moved for reconsideration, but his motion failed to comply with procedural requirements, so the district court denied it. Ford refers to the denial of his motion for reconsideration as "Order #28." This is his appeal of Order #28.

As an initial matter, we consider the scope of our jurisdiction, which we review de novo. *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008). Here, we have jurisdiction to review only Order #28. The reason is that Ford's notice of appeal was timely only with respect to Order #28—not with respect to the district court's earlier affirmance of the bankruptcy court. Ford filed his notice of appeal 11 days after the district court issued Order #28 and 188 days after the district court affirmed the bankruptcy court's orders.

Accordingly, under 28 U.S.C. § 2107(a), Ford's notice of appeal was timely only as to Order #28. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (alteration in original) (quoting *Bowles v. Russell,* 551 U.S. 205, 214 (2007)). Therefore, we have jurisdiction over only Order #28.

Nor was Ford entitled to tolling of the time to file an appeal. Ford styled his motion for reconsideration as a motion under Federal Rule of Civil Procedure 60, but the district court treated it as a motion under Federal Rule of Bankruptcy Procedure 8022. For our purposes, it doesn't matter which way we construe Ford's motion, as neither would permit tolling. Ordinarily, under Appellate Rule 4(a)(4)(A), a Civil Rule 60 motion can toll the time for filing an appeal. But Appellate Rule 6(b)(1)(A) provides that, when a district court exercises appellate authority over a bankruptcy court's decision, the tolling provisions of Appellate Rule 4(a)(4) do not apply. Here, in affirming the bankruptcy court, the district court exercised appellate authority over a bankruptcy court's decision. So Ford's motion for reconsideration, if construed as a Civil Rule 60 motion, would not toll the time to file an appeal. Similarly, under Appellate Rule 6(b)(2)(A)(i), a Bankruptcy Rule 8022 motion can toll the time for filing an appeal—but only if that motion was timely. Here, Ford's motion for reconsideration, if construed as a Bankruptcy Rule 8022 motion, was untimely. Therefore, it would not toll the time to file an appeal.

4                              Opinion of the Court                        24-10382

Order #28 is the only order with respect to which Ford's notice of appeal was timely. Therefore, it is the only one over which we have jurisdiction. But, on appeal, Ford has failed to raise any arguments that challenge—or even pertain to—Order #28. He has therefore abandoned any such arguments. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Ford *does* challenge the bankruptcy court's orders of transfer and dismissal, as well as the district court's affirmance of the bankruptcy court's orders. But, as we explained above, Ford's notice of appeal was untimely with respect to these orders. Therefore, we lack jurisdiction over them and cannot review them. Accordingly, we affirm the district court.

**AFFIRMED.**